IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| M. CHARLENE FABRIZIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs ) | Civil Action No. 10-1175 |
| ) | |
| UPMC and BIOTRIONICS, INC., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM ORDER

On September 3, 2010, plaintiff M. Charlene Fabrizio ("plaintiff" or "Fabrizio") filed a complaint in this case and it was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §§ 636(b)(1)(A) and (B), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

On April 23, 2012, the magistrate judge filed a Report and Recommendation ("R&R") (ECF No. 48), recommending that the motion for summary judgment filed by the defendants UPMC and Biotrionics, Inc. ("defendants") (ECF No. 29) be denied.

Service of the R&R was made on the parties, and defendants filed objections (ECF No. 49) on May 10, 2012. On May 22, 2012, plaintiff filed a response to defendants' objections (ECF No. 50). Defendants requested leave to file a reply brief and filed a reply brief on June 11, 2012 (ECF No. 53).

In their objections, defendants raised six arguments alleging errors in the R&R, to which plaintiff responded. These arguments are addressed seriatim.

First, defendants contend that the R&R erroneously concluded that plaintiff could establish a prima facie case of age discrimination when pointing to a comparator who was only

six and three-quarter years younger than she was. The R&R recognized that the Court of Appeals for the Third Circuit has not adopted a bright-line rule with respect to how much younger the other employee has to be to satisfy an age discrimination plaintiff's prima facie case. This court, in <u>Ramanna v. County of Beaver</u>, Civil Action No. 05-1738, 2008 WL 4204713, at *9 (W.D. Pa. Sept. 11, 2008), concluded that a plaintiff who was between seven and eight years older than similarly situated employees who were retained established a prima facie case of age discrimination. Defendants contend that while the age difference between plaintiff and the person who assumed her responsibilities is slightly less in this case than in <u>Ramanna</u>, the difference was less than seven years and that fact requires a finding that plaintiff cannot establish a prima facie case. There, however, is no bright–line rule that a difference slightly less than seven years as a matter of law precludes a plaintiff from establishing a prima facie case. A deviation of approximately three months from seven years is too slight for the court to impose the bright line test sought by defendants. Whether the difference in the ages of plaintiff and Jane Hackett, the person who assumed her responsibilities is significant will need to be resolved by the jury. It may well be a close question, but it is the jury that should determine whether the difference is significant.

Defendants argue that the comparator, Jane Hackett, was not similarly situated to plaintiff (a director of perfusion services), but was instead a lead perfusionist who merely assumed plaintiff's supervisory duties. As explained in the R&R, because plaintiff held a unique position, she need not demonstrate that a "similarly situated" individual received better treatment; rather, an employee who occupies a unique position that is eliminated may meet the fourth element of a

prima facie case by demonstrating that the remaining responsibilities of that position were transferred to persons significantly younger that the employee. Plaintiff has met that burden here.

In their next objection, defendants contend that the R&R contains an error by the magistrate judge's discounting testimony by the decision maker, Stephen Stewart, that he did not know what plaintiff's age was at the time her position was eliminated. As explained in detail in the R&R, defendants rely on a decision issued by the Court of Appeals for the Second Circuit, Woodman v. WWOR-TV, Inc., 411 F.3d 69 (2d Cir. 2005), in which the adverse employment decision was made by officials from another company that merged with the plaintiff's company and who had never met the plaintiff or reviewed her personnel file. Those officials did not know her age. Woodman, which is not binding on this court, is distinguishable from this case in the following respects: 1) the Court of Appeals for the Third Circuit has never applied the "lack of knowledge" argument to an age discrimination case and in Geraci v. Moody-Tottrup International, Inc., 82 F.3d 578 (3d Cir. 1996), a pregnancy discrimination case, the court indicated that a "lack of knowledge" argument would be inappropriate in an age discrimination case because the plaintiff's age would be documented in the employer's personnel records; 2) in Woodman the court recognized that it was unusual case and in the vast majority of cases an employer's knowledge of a plaintiff's age would be undisputed because employers routinely maintain employee age information in their personnel files or are generally aware of employees' relative ages from personal on-the-job contact; 3) in Woodman the court recognized that a defendant's knowledge about an ADEA plaintiff's relative age need not be demonstrated by direct proof, and noted that "a party's knowledge of a disputed fact may also be proved through evidence that he consciously avoided knowledge of what would otherwise have been obvious [to]

3

him", 411 F.3d at 84 n.14, and in this case evidence was presented that Stephen Stewart had met the plaintiff over thirty years prior to the time he eliminated her position; and 4) the facts of Woodman are completely different from the facts of this case. This court emphasizes that all reasonable inferences must be drawn in plaintiff's favor because she is the nonmoving party. Doe v. Abington Friends Sch., 480 F. 3d 252, 256 (3d Cir. 2007).  Stephen Stewart and plaintiff knew each other for over thirty years.  That knowledge creates the reasonable inference that Stephen Stewart knew plaintiff's age or at least her approximate age.

Next, defendants contend that the R&R contains the erroneous conclusion that plaintiff could establish a prima facie case of discrimination with respect to defendants' failure to hire her for a staff perfusionist position.  Defendants point to the plaintiff's unequivocal admission that she voluntarily withdrew her application for the position.  Defendants assert that the magistrate judge never even mentioned either plaintiff's testimony or her e-mail to Dr. Virji in the R&R. (ECF No. 49 at 11.)  In fact, the magistrate judge explained that, although defendants relied upon a December 7, 2007 email message that plaintiff sent to Dr. Virji in which she stated that she "chose not to further the process," Stephen Stewart had already indicated in a November 21, 2007 email to the human resources specialist Ron Quaresima that Stephen Stewart was not offering her the position.  (R&R at 21-22 & n.16.)  While the evidence is in dispute about whether an offer was approved by the committee that interviewed her and about the reasons Stephen Stewart chose not to extend an offer, the evidence is not disputed that after the interview ended plaintiff was to indicate her interest in the position and she never did so.  The facts reflect that she understood she was to express an interest in the position and she acknowledged she did not continue to seek the position.  Even though no timeframe was given to plaintiff in which she

needed to express an interest, she acknowledged she did not want to pursue the position. Under those circumstances, no reasonable jury could find plaintiff was denied a position when she chose not to pursue the position. The objection with respect to the claim for failure to hire plaintiff for the staff perfusionist position must be sustained.

Defendants contend that the R&R's conclusion that plaintiff could establish a prima facie case with respect to the failure to consider her for an open management position is erroneous because the record demonstrates that no such position existed. In the R&R the magistrate judge explained at length how defendants failed to comply with Rule 56 of the Federal Rules of Civil Procedure and instead presented disputed facts slanted in their own favor in order to draw this conclusion. Defendants did not address these issues. The evidence is in dispute as to whether Jane Hackett, a part-time employee, had been a lead perfusionist since 2001 or merely a "team leader" of the staff perfusionists. It is undisputed Jane Hackett, after plaintiff's employment was terminated, became a full-time lead perfusionist and assumed plaintiff's responsibilities.

In their objections, defendants rely upon plaintiff's email to Dr. Virji, in which she states that "[a]s it turned out, there was never a management position available for me to apply. The position I once had was 'given' to Jane Hackett and no other management position was made available." (ECF No. 47, tab A at MCF 285.) In the email plaintiff states that her position was "given" to Hackett and no other management position was available. A reasonable inference may be drawn by a jury that this statement could mean that there was a management position – plaintiff's – but it was given to James Hackett, who had been a part-time team leader. Indeed, this is the most natural reading of the statement. Even if the email has the meaning defendants ascribe to it, plaintiff testified that the open management position was the one given to Hackett

5

(Fabrizio Dep. at 147-48), which supports her position.  Assuming there are internal inconsistencies in plaintiff's evidence, the court will not resolve them in the course of ruling on a motion for summary judgment.   The inconsistencies are appropriate for cross-examination, which the jury will need to consider in making credibility determinations.

In their next objection, defendants contend that the allegedly ageist comments made by Stewart were stray remarks, not indicative of age bias.  Defendants continue to quote an out-of-context sentence from Braithwaite v. Accupac, Inc., No. CIV. A. 00-5405, 2002 WL 31928434, at *4 (E.D. Pa. Dec. 30, 2002), aff'd mem., 90 F. App'x 434 (3d Cir. 23, 2004), that "[e]very comment about age, particularly by one who is [him]self in the protected age class, does not evince discriminatory animus."  In the R&R it was explained that this quote addressed plaintiff's argument about direct evidence of age discrimination and that the circumstances of Braithwaite were distinguishable from the situation in this case.  They also argue that the R&R contains an error in connecting Stephen Stewart's February 6, 2007 comment to plaintiff's August 31, 2007 termination.  Plaintiff, however, testified that, following an age-related comment to her on February 6, 2007, Stephen Stewart began removing her job responsibilities (Fabrizio Dep. at 46), eventually culminating in the elimination of her position because it was allegedly "redundant" of his own.  Thus, contrary to defendants' assertion, there is evidence in the record to support plaintiff's claim.

Finally, defendants insist that they did not proffer inconsistent reasons for plaintiff's termination, because they always maintained that her position was eliminated.  First, they cannot seriously contend that an employer can respond to an employee's claim of a discriminatory termination by saying that the "reason" for it was that the position was eliminated when they

provide other reasons for the termination. Even employees who are terminated in an apparently neutral reduction in force "(RIF)" can proffer evidence that the RIF was a pretext for unlawful age discrimination. Anderson v. Consolidated Rail Corp., 297 F.3d 242, 249 (3d Cir. 2002). At the time of her termination, plaintiff was told that her position was eliminated due to a "reorganization." She was not told that her position was redundant of Stephen Stewart's position, much less that she was being terminated for acts of insubordination, positions that defendants articulated in the course of this litigation. Stephen Stewart testified that the plan was to demote plaintiff to a different position so that it would not be redundant of his position; indeed, he admitted that certain management personnel were troubled when they learned that plaintiff's employment had been terminated.

AND NOW, this 7th day of September, 2012,

IT IS ORDERED that defendants' motion for summary judgment (ECF No. 29) is denied, except for plaintiff's claim based upon defendants' failure to hire her for the position of staff perfusionist. The motion will be granted with respect to that claim.

Magistrate Judge Mitchell's Report and Recommendation dated April 23, 2012 (ECF No. 48) is adopted as the opinion of the Court, as modified and supplemented by this Memorandum Order.

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge